[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO RECONSIDER
The defendant, Leona Helmsley, has asked the court to CT Page 380-M reconsider its decision of December 18, 1996, denying her motion to dismiss dated August 13, 1996. She argues that the court did not address the actual legal claim made in her motion.
She argues that the legal claim in her second motion to dismiss was that she is not a proper party to a lien foreclosure because she is not the owner of the property. This argument is not in her motion to dismiss. The legal claim raised in the motion to dismiss was that the original complaint did not give the defendant proper notice of the cause of action in the amended complaint, and that this deprives the court of both subject matter jurisdiction and personal jurisdiction. The original complaint contained a single count in foreclosure, to which she would not have been a proper party; the amended complaint has claims against her in breach of contract and unjust enrichment. As explained in the decision, the amended complaint in no way infects the sufficiency of the original service of process.
A lack of notice of what legal theory the plaintiff's are pursuing against the defendant does not implicate the court's jurisdiction. As explained in the decision, notice is not the same as legal sufficiency. The denial of the first motion to dismiss by the court, Tobin, J., remains dispositive of the issue of whether this defendant had sufficient notice that an action was pending against her by this plaintiff based on a particular set of factual CT Page 380-N allegations. If the defendant wishes to contest the legal sufficiency of the complaint, she may do so by filing a request to revise or a motion to strike, but this court has jurisdiction over this defendant to hear the claims brought against her by this plaintiff.
Contrary to the defendant's assertion in the motion to reconsider the plaintiff's remedy is not limited to foreclosing the lien. Practice Book § 133 permits joinder of claims when such claims arise from the same factual transaction. All counts of the amended complaint arise from a dispute over an alleged nonpayment for services under a contract. A lien is simply a way "to provide a contractor with security for his labor and services." NickelMines Brook Associates v. Sakal, 217 Conn. 361, 364-65,585 A.2d 1210 (1991). It is common practice to combine a lien foreclosure claim with other related claims. See, e.g., Wright BrothersBuilders, Inc. v. Dowling, Superior Court, Judicial District of Stamford, Docket No. 136604 (June 26, 1996, Lewis, J.).
The defendant's motion to reconsider is denied.
HICKEY, J.